UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GERARDO GARCIA,

    Petitioner,

v.                            Case No: 5:11-cv-531-Oc-29PRL

WARDEN, FCC COLEMAN - USP I,

    Respondent.
_____

**ORDER OF DISMISSAL**

This case is before the Court upon review of Gerardo Garcia's ("Petitioner's") habeas petition filed pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is an inmate currently confined at the Federal Correctional Complex in Coleman, Florida. He brings this action to challenge the 180 month sentence imposed by the United States District Court for the Southern District of Florida for his 2008 conviction of being a felon in possession of a firearm (SDFL Case No. 07-20891-Cr-COHN).

Petitioner argues that his sentence was improperly enhanced under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), because his prior Florida convictions for battery on a

law enforcement officer no longer qualify as "violent felonies" under the statute (Doc. 1 at 3). Respondent asserts that Petitioner's challenge is not cognizable under § 2241, and even if it was, Petitioner has not demonstrated that his offenses were not "violent felonies" under the ACCA (Doc. 7). Petitioner filed a reply to the response (Doc. 9).

After consideration of the issues and the pleadings filed in this case, the Court dismisses the petition as an improper filing under § 2241.  Alternatively, even if the petition was not due to be dismissed, it would fail on the merits.

**I.   Background**

On April 7, 2008, Petitioner pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Doc. 8-2 at Doc. # 27).  On June 27, 2008, Petitioner was sentenced as an armed career criminal to the minimum mandatory term of 180 months in prison (Doc. 8-5 at 7; Doc. 8-2 at Doc. # 32).  The Eleventh Circuit affirmed Petitioner's convictions and sentences. United States v. Garcia, 322 F. App'x 918 (11th Cir. 2009).

On March 1, 2010, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in which he raised two claims of ineffective assistance of counsel; argued that his guilty plea was not entered knowingly and intelligently; argued that the government

had failed to file a 21 U.S.C. § 851 notice; and raised claims of fundamental defects in the sentencing hearing (Doc. 8-1 at 3; SDFL Case No. 10-cv-60295). Petitioner's motion was denied in its entirety on November 15, 2010 (Doc. 8-1; Doc. 8-7).

Petitioner filed the instant petition and a supporting memorandum on September 12, 2011 (Doc. 1; Doc. 2). In the petition, he argues that pursuant to Johnson v. United States, 559 U.S. 133 (2010), two prior convictions for battery on a law enforcement officer no longer qualify as predicate offenses for ACCA enhancement, and as a result, he is "actually innocent of his sentence enhancement" (Doc. 1 at 3; Doc. 2 at 2; Doc. 9 at 4).

Respondent contends that Petitioner cannot bring this claim in a § 2241 petition (Doc. 8 at 8). Respondent asserts that Johnson was decided before Petitioner's 28 U.S.C. § 2255 motion was decided; that battery on a law enforcement officer is a predicate violent felony under the ACCA's "residual clause"; and the facts surrounding Petitioner's prior violent felonies, as set forth in Petitioner's pre-sentence investigation report, show that the "incidents certainly involved the use and the attempted use of physical force capable of causing injury to another." (Doc. 8 at 15).

3

## II. Analysis

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner challenges the validity of his sentence because he claims it was improperly enhanced. Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, because Petitioner's previous § 2255 motion was denied by the court which imposed his sentence, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Because Petitioner is barred from filing another § 2255 motion, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a § 2241 motion may be

filed, Petitioner asserts that he is allowed to file this motion under § 2241(e) because "circuit law was foreclosed to Petitioner at the time of sentencing, direct appeal and first § 2255 motion, and Petitioner is not allowed to attack his sentence in [a] successive § 2255 motion." (Doc. 1 at 3).

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.***

28 U.S.C. § 2255(e) (emphasis added). A recent Eleventh Circuit opinion discussing the savings clause clarifies that where, as here, a petitioner challenges only a "fundamental defect in sentencing," he must establish two necessary conditions before he may invoke § 2255(e)'s saving clause: (1) the claim must be based upon a retroactively applicable Supreme Court decision; and (2) the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the

petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)(relying on the test set forth in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999)).[1] This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 petition. Williams, 713 F.3d at 1338.

---

[1] In Wofford v. Scott, the Eleventh Circuit interpreted the savings clause provision to mean that the clause applies when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. 177 F.3d at 1244. In an *en banc* decision in 2011, however, the Eleventh Circuit explained that the three-pronged Wofford test was "only dicta," and clarified that the actual holding in Wofford was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011). The three-pronged Wofford test has not been overturned or rejected by the Eleventh Circuit in cases where a petitioner claims that he is actually innocent of the crime for which he is currently imprisoned. Williams, 713 F.3d 1332 (11th Cir. 2013). Although Petitioner asserts in his reply that he is actually innocent of both his federal conviction and his underlying predicate felonies, he raises this claim as a pure sentencing issue: that his prior convictions for battery on a law enforcement officer should not have been considered violent felonies under the ACCA. Accordingly, Williams, not Wofford, provides the legal test under which to evaluate whether § 2255(e)'s savings clause opens a portal to § 2241 review.

### *a. The United States Supreme Court holding in Johnson v. United States does not affect Petitioner's status as an armed career criminal*

Petitioner points to Johnson v. United States, 559 U.S. 133 (2010) as a retroactively applicable Supreme Court case that shows he is "actually innocent" of being a career offender (Doc. 2 at 4-5). Specifically, Petitioner asserts that this case proscribes the use of his March 21, 2005 conviction for battery on a law enforcement officer as a predicate violent felony for sentencing enhancement under the ACCA (Doc. 3 at 3).[2] Even setting aside the issue of Johnson's retroactivity, the case does not aid Petitioner.

Under Florida law, a battery occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other; or [i]ntentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a)(1)-(2). In Johnson, the Supreme Court held that a Florida felony conviction

---

[2] Petitioner initially asserted that his April 30, 1999 conviction for resisting an officer with violence and battery on a law enforcement officer was also not a qualifying violent felony (Doc. 2 at 6). However, in his reply, Petitioner concedes that his prior convictions for aggravated assault with a firearm and resisting an officer with violence qualify as predicate enhancement cases under the ACCA (Doc. 9). However, Petitioner argues that he does not have a March 21, 2005 conviction for resisting an officer with violence as was asserted by Respondent. Id. Instead, he now argues, his March 21, 2005 conviction was for battery on a law enforcement officer and resisting arrest without violence, and that this conviction should not qualify as a predicate violent felony. Id.

for battery is not categorically a "violent felony" under the "elements" clause of 18 U.S.C. § 924(e)(2)(B)'s Armed Career Criminal Act. 559 U.S. at 133. The Supreme Court determined that in order for a crime to qualify as a violent felony under the elements clause, it must involve "violent force," defined by the Court as "force capable of causing physical pain or injury to another[.]" Id. at 140. The Johnson Court concluded that because criminal liability under § 748.03(1)(a) is satisfied by any intentional physical contact, no matter how slight, that crime does not have the use of physical force as an element, as required by the ACCA definition of "violent felony." Id. at 136-43.[3]

The sole holding in Johnson was that a conviction under Florida's battery statute is not *categorically* a crime of violence under the elements clause of the ACCA. 559 U.S. at 143-45. However, the Eleventh Circuit has recently recognized that

---

[3] The ACCA defines a "violent felony" in pertinent part as any crime punishable by imprisonment for a term exceeding one year that:
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Florida battery on a law enforcement officer is a violent felony under the residual clause of the ACCA. Turner v. Warden Coleman FCI, 709 F.3d 1328 (11th Cir. 2013) (Florida battery on a law enforcement officer qualifies as a violent felony under the residual clause of the ACCA); Kilgore v. United States, 522 F. App'x 631, at *2 (11th Cir. 2013) ("Florida's offense of battery on a law enforcement officer is a crime of violence under the [ACCA's] residual clause[.]"); see also Rozier v. United States, 701 F.3d 681, 682 (11th Cir. 2012) (recognizing that although a Florida battery on a law enforcement officer conviction would not qualify as a crime of violence under the elements clause of § 4B1.2(a)(1), it would qualify as a crime of violence under the section's residual clause).[4]

Given that battery on a law enforcement officer is a qualifying predicate violent felony for an enhanced sentence under the ACCA, even if Johnson had been on the books at the

---

[4] Because the definition of a "crime of violence" for application of the career offender enhancement under USSG § 4B1.2 is virtually identical to the definition of a "violent felony" under the ACCA, the same analysis is used to determine whether a prior conviction qualifies as a as a "violent felony" under the ACCA or a "crime of violence" under USSG § 4B1.2(a)(1)-(2). United States v. Williams, 609 F.3d 1168 (11th Cir. 2010). See also United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) ("This court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B 1.2.").

time of Petitioner's sentencing, he was properly sentenced as an armed career criminal.

### b. A 28 U.S.C. § 2255 motion was not inadequate or ineffective to test the legality of Petitioner's conviction

The United State Supreme Court issued its opinion in <u>Johnson</u> on March 2, 2010. Petitioner filed his 28 U.S.C. § 2255 motion on March 1, 2010, the day before the <u>Johnson</u> opinion was issued (Doc. 8-2 at 49). Although Petitioner had until July 12, 2010 to file, or to timely amend, his § 2255 petition, he did not move to amend his pending § 2255 motion to assert his sentencing claim.

It is crucial that <u>Johnson</u> was decided during the pendency of Petitioner's § 2255 motion. Petitioner could have raised his sentencing claims by amending his motion, yet he failed to do so. Petitioner admits that he read the <u>Johnson</u> opinion in March of 2010, but argues that even had he raised his <u>Johnson</u> claim in his first § 2255 motion, "it would have been summarily dismissed [because he] did not have the necessary documents to support such a claim" since the state did not respond to his letters inquiring about his prior convictions until June 17, 2011 (Doc. 9 at 5-6).

The Court can find no case in which a § 2255 motion was determined to be inadequate or ineffective to test the legality

10

of a conviction when the petitioner had an earlier opportunity to present his claims. To the contrary, the Eleventh Circuit in Wofford stated that all that is required is that a petitioner have had an "unobstructed procedural shot" at getting his sentence vacated. Wofford, 177 F.3d at 1244. "That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Id.; see also Turner v. Warden, Coleman FCI, 709 F.3d 1328 (11th Cir. 2013)(holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's Shepard claim, because the claim could have been raised in an earlier § 2255 proceeding). Accordingly, Petitioner has not shown that his first § 2255 motion was inadequate or ineffective to raise the instant sentencing claim.

### III. Conclusion

Because Petitioner cannot show that a 28 U.S.C. § 2255 motion is inadequate of ineffective to test the legality of his detention, the savings clause of § 2255(e) does not apply, and Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. However, Petitioner has previously filed a § 2255 petition, and the instant action is successive. Therefore, this Court is without jurisdiction to

consider it. Consequently, the petition must be dismissed. Moreover, because Petitioner had sufficient qualifying prior felonies, he qualified for the ACCA sentencing enhancement, and if the petition were not due to be dismissed, it would fail on the merits.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Gerardo Garcia is **DISMISSED** as an improper filing under § 2241.

2. The Clerk is directed to enter judgment against Garcia, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, this ___17th___ day of October, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4  10/11/13
Copies to: All parties of record

12